UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,             Case No. 3:17-cr-55

        Plaintiff,

    v.                                     MEMORANDUM OPINION
                                                          AND ORDER

Tyrone Watson,

        Defendant.

## I. INTRODUCTION AND BACKGROUND

Defendant Tyrone Watson, an inmate at the United States Penitentiary in Yazoo City, Mississippi, seeks an order reducing his sentence to time served and providing for his immediate release from custody, or to be placed on home confinement for the remainder of his sentence. (Doc. No. 711). He also requests that counsel be appointed to assist him. (Doc. No. 710). The government opposes Watson's motion for compassionate release. (Doc. No. 713).

In March 2017, Watson was indicted on one count of conspiracy to possess with the intent to distribute and distribution of heroin and cocaine, two counts of possession with intent to distribute heroin, and one count of use of a telecommunications facility to facilitate a drug conspiracy. Watson pled guilty to the conspiracy count, while the remaining charges against him were dismissed. (Doc. No. 474). While Watson's Guidelines range called for a sentence of 130 to 162 months and a supervised release term of 5 years, I concluded the circumstances of the case warranted a sentence below the Guidelines range. I sentenced Watson to 92 months in custody, to

1

be followed by a 3-year term of supervised release. (Doc. No. 599). Watson did not appeal and began serving his sentence in April 2019. The Federal Bureau of Prisons ("BOP") calculates Watson's release date as October 22, 2025.

On July 15, 2020, Watson filed a motion to appoint counsel, (Doc. No. 710), and a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 711). He asserts he has hypertension, which could increase his risk of serious illness or death if he were to contract Covid-19 while incarcerated. (Doc. No. 711 at 7).

The government argues Watson has not demonstrated there are extraordinary and compelling reasons to justify the reduction of his sentence and that the BOP is able to provide adequate medical care for Watson's health conditions. (Doc. No. 713). Further, the government contends Smith fails to show a sentence reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

## II.   ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F.

2

App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). !The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Watson submitted an administrative request for compassionate release on May 4, 2020, which was denied on June 4, 2020. (*See* Doc. No. 713-2). Watson asserts he has hypertension; the Centers for Disease Control and Prevention ("CDC") has identified hypertension as a condition which might increase an individual's risk for severe complications from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Even if I were to conclude Watson had established extraordinary and compelling reasons to justify a modified sentence, however, I cannot conclude such a sentence would serve the purposes of 18 U.S.C. § 3553(a). Watson has served less than half of the 92-month sentence he received after pleading guilty and acknowledging responsibility for the distribution of between one and three kilograms of heroin. While the record in this case does not disclose the circumstances, Watson currently is incarcerated at USP Yazoo City, which is a high-security penitentiary.

Moreover, as the government notes, this case represents Watson's sixth felony conviction, several of which also have involved narcotics. An effective sentence of less than two years in custody and eight years on supervised release – even if Watson was subject to home confinement for five of those years – would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. I conclude Watson fails to establish that a reduced or modified sentence would fulfill the objectives of § 3553(a).

### III. CONCLUSION

For these reasons, I deny Watson's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 711). I grant Watson's motion to appoint counsel. (Doc. No. 710).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge